Hon. Richard A. Jones

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>JUAN QUIROZ-OREGON,<br><br>　　　　　　Defendant. | No. CR12-181RAJ<br><br>ORDER DENYING MOTION FOR REDUCTION OF SENTENCE |

## I. INTRODUCTION

This matter comes before the court on Defendant Juan Quiroz-Oregon's *pro se* combined motion for appointment of counsel and for a reduction in his sentence under 18 U.S.C. § 3582(c)(2), based on Amendments 782 and 788 to the United States Sentencing Guidelines ("USSG") (Dkt. #56). Plaintiff United States of America opposes the motion (Dkt. #64). The court has thoroughly considered the defendant's request, the government's opposition, the relevant record, and the applicable law. Being fully advised,[1] the court DENIES Mr. Quiroz-Oregon's motion for the reasons stated below.[2]

---

[1] No party has requested it, and the court finds oral argument to be unnecessary.

[2] The court previously denied Defendant's request for appointment of counsel. *See* Dkt. #63.

## II. BACKGROUND

Defendant Juan Quiroz-Oregon was sentenced by this court on May 3, 2013, following his pleas of guilty to possession of heroin with intent to distribute and possession of a firearm in furtherance of a drug trafficking crime. The Defendant acknowledged in his Plea Agreement that the offense involved 3,425 grams of heroin.

Based on this quantity of drugs, the Total Offense Level was 31 after subtracting three levels for Defendant's acceptance of responsibility. Defendant's Criminal History Category was I, which corresponded to a sentencing range of 108 to 135 months on the drug offense, plus 60 months to run consecutively for the gun offense. Pursuant to 21 U.S.C. § 841(b)(1)(B), Defendant was subject to a mandatory minimum sentence of five years (60 months) for the drug offense, plus the mandatory minimum consecutive sentence of five years (60 months) on the gun offense, for a total mandatory minimum sentence of ten years (120 months).

At sentencing, the court departed below the Guidelines range on the drug count on the basis of 18 U.S.C. § 3553(a) factors, and imposed 60 months' imprisonment on that count, plus the mandatory 60 consecutive on the gun count, for a total term of 120 months' imprisonment. The court noted that 120 months was the statutory mandatory minimum sentence for the two counts of conviction.

## III. DISCUSSION

### A. Legal Standard

Amendment 782 to the United States Sentencing Guidelines, which became effective November 1, 2014, lowered the penalties for most drug offenses by reducing most base offense levels contained in the USSG § 2D1.1 Drug Quantity Table by two levels, and making other related adjustments to this Guideline. Along with Amendment 782, the Sentencing Commission adopted Amendment 788, which decreed that Amendment 782 may be applied retroactively to lower the sentences of

previously sentenced inmates. At issue in the instant motion is whether this Court has authority to reduce Defendant's sentence pursuant to 18 U.S.C. § 3582(c)(2).

In order to qualify for a sentence reduction under 18 U.S.C. § 3582(c)(2), two conditions must be met: (1) the Defendant must have been sentenced to a term of imprisonment based on a sentencing range that has been lowered by a retroactively applicable Guidelines amendment; and (2) the sentence reduction sought must be consistent with the Sentencing Commission's applicable policy statements. *United States v. Waters*, 771 F.3d 679, 680 (9th Cir. 2014) (per curiam). A district court does not have jurisdiction to reduce the Defendant's sentence unless both criteria are met. *See United States v. Wesson*, 583 F.3d 728, 730 (9th Cir. 2009).

### B. Defendant's Motion

Defendant's sentence was a mandatory minimum sentence rather than a sentence based on any section of the Sentencing Guidelines that subsequently has been amended. Sentence reductions are not available to defendants who have been sentenced to the applicable mandatory minimum sentence. As the Ninth Circuit has stated, "[i]t is axiomatic that a statutory minimum sentence is mandatory." *United States v. Sykes,* 658 F.3d 1140, 1146 (9th Cir. 2011). Section 5G1.1(c)(2) of the Guidelines states that a sentence "may be imposed at any point within the applicable guideline range, provided that the sentence is not less than any statutorily required minimum sentence." USSG §5G1.1(c)(2). Thus, when a defendant is subject to a mandatory minimum sentence, the sentence is never "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." *United States v. Paulk,* 569 F.3d 1094, 1095 (9th Cir. 2009). Therefore, the Defendant does not qualify for a sentence reduction.

///

///

///

///

## IV.  CONCLUSION

For the above reasons, Defendant Juan Quiroz-Oregon's *pro se* Motion to Reduce Sentence (Dkt. #56) is DENIED.

DATED this 9th day of June, 2015.

_____
The Honorable Richard A. Jones
United States District Judge