The Honorable Richard A. Jones

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>  v.<br><br>JUAN QUIROZ-OREGON,<br><br>      Defendant. | NO.  2:12-cr-00181-RAJ<br><br>ORDER ON DEFENDANT'S MOTION TO REDUCE SENTENCE PURSUANT TO 18 U.S.C. § 3582 AND THE FIRST STEP ACT |

  THIS MATTER comes before the Court upon defendant Juan Quiroz-Oregon's *pro se* Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(2) and Sections 401 and 402 of the First Step Act.  Dkt. 67.  Plaintiff United States of America opposes defendant's motion.  Dkt. 69.  The Court has thoroughly considered the parties' briefing, the relevant record, and the applicable law.  Being fully advised, the Court finds oral argument unnecessary and hereby **DENIES** the motion for the reasons explained herein.

  On January 7, 2013, defendant Juan Quiroz-Oregon entered pleas of guilty to two counts:

- Possession of Heroin with Intent to Distribute, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B); and
- Possession of a Firearm in Furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c).

Dkt. 36.

ORDER - 1

At his sentencing defendant was subject to a mandatory minimum sentence of 60 months for possession of heroin with intent to distribute, and a mandatory minimum consecutive sentence of 60 months for possession of a firearm in furtherance of a drug trafficking crime, for a combined mandatory minimum sentence of 120 months.

On May 3, 2013, the Court departed below the Guidelines range on the drug count on the basis of 18 U.S.C. § 3553(a) factors, and imposed 60 months' imprisonment on the drug count, plus the mandatory 60 months on the firearm count, with the counts to run consecutively, for a total term of 120 months' imprisonment. Dkt. 46.

Defendant now seeks a retroactive reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(2) and Sections 401 and 402 of the First Step Act. Dkt. 67.

The government argues that defendant is not eligible for a sentence reduction under § 3582(c)(2) as his conviction involved heroin and, unlike cocaine-base ("crack") offenses, Congress has not amended or reduced the statutory mandatory minimum quantities for heroin offenses since the time defendant's sentence was imposed. Therefore, the government indicates that defendant is ineligible for a retroactive reduction in sentence because his sentence was a mandatory minimum sentence, not a sentence based on a provision of the Sentencing Guidelines that was later amended by Congress. Dkt. 69.

The government further contends defendant is not eligible for a sentence reduction pursuant to Sections 401 and 402 of the First Step Act. As it relates to Section 401, which amended the recidivism enhancement provisions by which an eligible repeat drug offender's sentence could be increased, the government argues defendant fails to meet the two criteria that must be met in determining eligibility for relief: (1) that the defendant must have been sentenced on or after the date of the enactment of the First Step Act, that is, December 21, 2018, and (2) that the defendant must have been sentenced based on a recidivist enhancement pursuant to one of the recently amended provisions. The government argues that because defendant was not sentenced pursuant to any recidivist provision that has now been amended by Section 401, and because he was sentenced over

five years prior to enactment of the First Step Act, he does not meet either criteria and thus does not qualify for a reduction pursuant to Section 401. Dkt. 69.

As it relates to defendant's request for relief under Section 402 of the First Step Act, which expands eligibility for the safety valve provision in 18 U.S.C. § 3553(f) to allow defendants with additional criminal history to qualify for a sentence below a mandatory minimum imposed upon conviction of a drug trafficking offense, the government argues that because defendant was convicted of possessing a firearm in furtherance of a drug trafficking offense, he remains precluded from safety-valve eligibility even after the amendments to Section 402 are taken into consideration. Additionally, as with Section 401, Section 402 states that the amendments to § 3553(f) are applicable only to convictions entered after December 21, 2018, the date of enactment of the statute, and therefore defendant is not eligible for a reduction under this section. Dkt. 69.

The Court agrees with the government's analysis. The Court is not authorized to reduce defendant's sentence, and therefore his motion (Dkt. # 67) is **DENIED**.

DATED this 5th day of November, 2021.

*Richard A. Jones*

The Honorable Richard A. Jones
United States District Judge

ORDER - 3